# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

| | |
|---|---|
| In re<br><br>**BRIAN VINCENT BAGLEY**,<br><br>Debtor.<br><br>**UNITED STATES TRUSTEE**,<br><br>Plaintiff.<br><br>-vs-<br><br>**VINCENT LOPANO**,<br><br>Defendant. | Case No. **09-61439-7**<br><br><br><br><br><br>Adv No. **09-00104** |

## MEMORANDUM OF DECISION

At Butte in said District this 16th day of April, 2010.

In this adversary proceeding the Plaintiff United States Trustee ("UST") filed on March 26, 2010, a motion seeking summary judgment (Docket No. 11) against Defendant Vincent Lopano ("Lopano"), together with a Statement of Uncontroverted Facts ("SOUF"), memorandum of law, and exhibits. The UST seeks a money judgment against Lopano imposing fines for violations of 11 U.S.C. § 110, disgorgement of all fees charged by Lopano as a bankruptcy petition preparer ("BPP") in this and other cases, and requests entry of a permanent injunction against Lopano enjoining him from advertising or acting as a BPP. Lopano filed an answer denying liability, but did not file a response to the motion for summary judgment. After review of the UST's motion, memorandum of law, the record and applicable law, the UST's motion will be granted and summary judgment will be entered against Lopano awarding the relief sought, for

1

the reasons set forth below.

Lopano's answer admits that this Court has jurisdiction in this adversary proceeding under 28 U.S.C. § 1334. This adversary proceeding arises from and is related to the above-captioned Chapter 7 bankruptcy under 28 U.S.C. § 1334(b). However, Lopano denies that this is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(O)[1], and 11 U.S.C. §§ 105 and 110. The UST's complaint seeks fines, disgorgement of fees, and an injunction provided for under § 110(j), which specifically authorizes the UST in any district in which the debtor resides to bring civil action to enjoin a BPP preparer from engaging in conduct in violation of § 110. The Ninth Circuit Bankruptcy Appellate Panel has held that § 110(j) injunction actions are core proceedings. *In re Graves*, 279 B.R. 266, 271 (9th Cir. BAP 2002). The BAP further stated in *Graves*: "[T]he bankruptcy court is authorized to impose all other[2] remedies under § 110 ...." *Id.* Therefore, this Court finds that all six Counts of the UST's complaint[3] involve core proceedings.

---

[1] The answer ignores the part of paragraph 2 of the complaint asserting that this is a core proceeding under § 157(b)(2)(E) ("orders to turn over property of the estate"). Pursuant to FED. R. CIV. P. 8(b)(6) (applicable in adversary proceedings under FED. R. BANKR. P. 7008(a)), the allegation that this is a core proceeding under § 157(b)(2)(E) is deemed admitted since it is not denied.

[2] The exception to the bankruptcy court's authority noted in *Graves* was a specific requirement in § 110(i) that the bankruptcy court certify to the district court violations of that subsection. *See, e.g., United States Trustee v. Costello (In re Rankin)*, 320 B.R. 171, 186 (Bankr. D. Mont. 2005); *Franklin Digital Services, Ltd., et al. v. Neary (In re Reynoso)*, 315 B.R. 544, 554 (9th Cir. BAP 2004); *Price v. Hutter*, 19 Mont. B.R. 365, 366 (D. Mont. 2002). By amendment that certification requirement was removed from § 110(i)(1), and thus now a bankruptcy court is authorized to impose all remedies under § 110. *Graves*, 279 B.R. at 271.

[3] Count One alleges violations of § 110(b)(1) for Defendant's failure to sign documents. Counts Two and Three allege violations of § violations of § 110 by unauthorized practice of law by Defendant. Count Four alleges fees charge in excess of the value of services rendered. Count Five alleges Defendant is engaging in fraudulent, unfair or deceptive conduct by operating an internet website offering bankruptcy petition preparation services and containing misleading and

*Graves*, 279 B.R. at 271; *United States Trustee v. Costello (In re Rankin)*, 320 B.R. 171, 174 (Bankr. D. Mont. 2005); *Franklin Digital Services, Ltd., et al. v. Neary (In re Reynoso)*, 315 B.R. 544, 549 (9th Cir. BAP 2004).

The Memorandum of Decision includes the Court's findings of fact and conclusions of law under FED. R. BANKR. P. 7052 (applying FED. R. CIV. P. 52 in adversary proceedings).

## FACTS

Attached to the UST's motion (Dkt. 11) is a SOUF, declaration of Plaintiff's attorney Daniel P. McKay, memorandum of law, and eleven (11) exhibits including bankruptcy documents filed in the above-captioned case and other cases in this and other districts, transcripts of 11 U.S.C. § 341(a) meeting of creditors, affidavit of Michael Troy Clark[4], and documents from Lopano's website bankruptcyseven.com. The SOUF sets forth the following facts:

> 1. On July 27, 2009, Brian Vincent Bagley filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code (Case No. 09-61439-7). - Exhibit 1[5].
>
> 2. Mr. Bagley was assisted in the preparation of his bankruptcy papers by Vincent Lopano ("Defendant"). - Exhibit 1, Exhibit 2.
>
> 3. Defendant is a person who prepares, for compensation, bankruptcy petitions and related bankruptcy document for others, and he is not an attorney licensed to practice law in any state. He is a "bankruptcy petition preparer" as that term is defined un [sic] 11 U.S.C. § 110(a)(1). Defendant has acted as a bankruptcy petition preparer in other bankruptcy cases filed in the District of Montana and in many cases filed in other districts throughout the United States. -

---

deceptive representations. Count Six seeks a permanent injunction against Defendant to prevent him from engaging in the foregoing conduct.

[4]Ex. 8 attached to Dkt. 11. Clark is the debtor in Case No. 09-61787-7.

[5]The uncontroverted facts are set forth herein verbatim from Dkt. 11, including references to the UST's Exhibits also attached to Dkt. 11.

Defendant's Answer to United States Trustee's Complaint For Injunctive Relief, Disallowance and Turnover of Fees, and Other Relief (Docket no. 5), Exhibits 3, 4, 5, 6, 7.

4. Defendant operates a website on the world wide web with the web address bankruptcyseven.com through which he provides assistance to persons seeking help in preparing the documents necessary and required to be filed in a case under chapter 7 of the Bankruptcy Code. - Exhibits 9, 10.

5. Defendant prepared a chapter 7 Petition, Schedules and related documents, Statement of Financial Affairs and related documents for the above-named debtor, for which he charged and Mr. Bagley paid a fee of $195.00. - Exhibits 1, 2.

6. Defendant has prepared chapter 7 Petitions, Schedules, Statements of Financial Affairs, and related bankruptcy documents for other individuals who have filed for relief in the United States Bankruptcy Court for the District of Montana, including Michael Troy Clark (in Case No. 09-61787-7); John Paul Close (in Case No. 09-61219-7); and Virginia Ann Wiscovich (in Case No. 09-61616-7). He charged each of these debtors $195.00. - Exhibits 5, 6, 7.

7. A creditor meeting in the Bagley case was held pursuant to 11 U.S.C. § 341(a) was conducted by the case trustee, Darcy Crum, on September 16, 2009. Mr. Bagley was questioned also by Assistant U.S. Trustee Neal G. Jensen. - Exhibit 2

8. During the Bagley creditor meeting, the following facts were established:

> (a) Bagley went online to bankruptyseven.com. The website had a lot of information and answered many of the questions he had. Exhibit 2, p. 4,5.
>
> (b) Bagley sent copies of his bills to Defendant who then placed his creditors on the Schedules. Tr. p. 17, 18. Bagley did not know where specific information was supposed to be placed on the Schedules. Exhibit 2, p. 26, 27.
>
> (c) Bagley did not understand the concept of exempt property before speaking to Defendant. Exhibit 2, p. 18. Defendant made the decision to check the reference to 11 U.S.C. § 522(b)(3), as opposed to 11 U.S.C. § 522(b)(2) on Schedule C. Exhibit 2, p. 23. Defendant selected the references to Montana exemption statutes,

4

and the dollar amounts of claimed exemptions on Schedule C. Exhibit 2, p. 23, 24.

(d) Bagley did not know the purpose for the Statement of Intention and could not have completed it without the assistance of Defendant. Defendant provided such assistance. Exhibit 2, p. 28, 29.

(e) Bagley did not know how to complete the Chapter 7 Statement of Current Monthly Income and Means-Test Calculation and could not have completed it without Defendant's assistance. Exhibit 2, p. 28, 29.

(f) Defendant informed Bagley that he needed to take obtain credit counseling briefing and take a financial management course and Defendant provided Bagley with several websites where these could be completed. Exhibit 2, p. 29.

8[6]. The affidavit of Michael Troy Clark establishes the following facts:

(a) Defendant e-mailed Clark a list of instructions that, among other things, explained where to file his documents; informed him that he had to take a credit counseling class; informed him that he would receive a certificate at the end of the class that he had to file with his documents; gave him two links to providers of the credit counseling and debtor education services; explained that his creditor meeting would be set three or four weeks after he filed the documents; and indicated that he would receive his discharge about 30 days after the creditor meeting. Exhibit 8, ¶ 4.

(b) Defendant sent Clark a questionnaire to fill out. Exhibit 8, ¶ 4. In several instances the information placed in the Schedules by Defendant was different than the information supplied by Clark in responses to the questionnaire. Exhibit 8, ¶ 5. The Statement of Financial Affairs, at question 4, as completed by Defendant, indicated that Clark had been sued by "Ravalli County Federal Court" which had obtained a judgment against him, when, in fact, Clark had indicated on the questionnaire that he had been sued by the Ravalli County Federal Credit Union and had not indicated that a judgment had been obtained. Exhibit 8, ¶ 6.

---

[6]The UST's SOUF includes two paragraphs 8.

5

(c) The questionnaire provided to Clark by Defendant did not ask Clark to provide any information on property he intended to claim as exempt. The Schedule C filed was prepared by Lopano without any input from Clark. The reference to 11 U.S.C. § 522(b)(3) was checked as opposed to the reference to 11 U.S.C. § 522(b)(3), but Clark did not instruct Lopano regarding which was correct in his case. Clark did not instruct Lopano what property to list in the column headed "Description of Property", and did not instruct him as to the information to be placed in the column headed "Specify Law Providing Each Exemption". Clark did not know what property he was entitled to exempt or the law under which such exemptions could be claimed. Exhibit 8, ¶ 7.

(d) Clark explained to Defendant that his cell phone contract with Alltel had expired. Clark does not know why Defendant chose to list Alltel on Schedule G as an unexpired lease. He also does not know why Lopano chose to place Alltel on Part B of the Chapter 7 Individual Debtor's Statement of Intention and indicate that there was a lease that would be assumed pursuant to 11 U.S.C. § 365(p)(2). Clark was not familiar with 11 U.S.C. § 365(p)(2) and had no idea how, or if, it applied to his expired Alltel contract. Exhibit 8, ¶ 8.

9. Defendant's website, bankruptcyseven.com, ("website") informs potential customers that filing a petition under chapter 7 of the Bankruptcy Code may be a person's "smartest decision" and "just what you need to start fresh and rebuild your financial future". - Exhibit 10.

10. The website informs potential customers what forms are required for a chapter 7 bankruptcy. - Exhibit 10.

11. The website gives potential customers information regarding the availability and scope of a discharge of debts in chapter 7. - Exhibit 10.

12. The website informs potential customers that if a debtor passes a "means test", required by bankruptcy law, the debtor will "qualify" to "eliminate" his/her debts. It goes on to state, "We will work with you to make sure you pass the means test." - Exhibit 10.

13. The website informs potential customers about the requirements to receive a credit counseling briefing and take a debtor education class. - Exhibit 10.

14. The website informs potential customers that a debtor is required to

6

attend a 341 meeting. It characterizes this meeting as "basically a formality in the bankruptcy process" which "takes about 1 minute."

     15. The website contains these statements:

We are bankruptcy specialists.

We will make sure your documents are prepared perfectly for you and that your bankruptcy experience is as simple as possible. Our years of experience with thousands of customers has allowed us to have program available to you which allows you to file for bankruptcy and get debt free with all the support you need, and without the high cost of a bankruptcy attorney.

Our services come with a full money back guarantee that your documents will be accepted by your local bankruptcy court, or your money is refunded to you in full. We know that you need a company who will stand behind you 100%. This is our promise to you.

Your documents are legal and will be accepted without question by your local bankruptcy court.

- Exhibit 10.

     16. The website informs potential customers that they can file a chapter 7 bankruptcy if it has been over 6 years from the date of a previous bankruptcy. - Exhibit 10.

     17. The website contains an extensive information, and a list of questions and answers that cover a wide range of issues regarding the bankruptcy process, including, but not limited to, who can file under chapter 7, the effect of the automatic stay, what debts can be discharged, what property and debts must be listed, the effect of claiming an exemption, and whether property can be retained. - Exhibit 10.

     18. The contents of the website have not changed materially from August 28, 2010 to the date of the filing of the United States Trustee's Motion for Summary Judgment. - Exhibit 9, 10.

     19. The Defendant has acted as a bankruptcy petition preparer in numerous cases filed in many districts throughout the United States. Exhibit 3, 4.

19[7]. The Defendant recently was enjoined from acting as a bankruptcy petition preparer in the District of Wyoming, and enjoined from engaging in fraudulent, deceptive, and/or unfair conduct, and enjoined from engaging in any conduct in violation of 11 U.S.C. § 110. - Exhibit 11.

Summary judgment in this Court is governed by Montana Local Bankruptcy Rule ("Mont. LBR") 7056-1. Rule 7056-1(a)(2) requires that an opposition to a motion for summary judgment must be filed within fourteen (14) days after the motion is served, and a separate "Statement of Genuine Issues" setting forth specific facts which preclude summary judgment in favor of the moving party, must be filed by the party opposing the motion together with an opposition brief. Rule 7056-1(a)(3) provides: "All material facts in the moving party's Statement of Uncontroverted Facts are deemed to be admitted unless controverted by a Statement of Genuine Issues filed by the opposing party."

The UST served the motion for summary judgment, SOUF, memorandum and exhibits on Lopano, according to the certificate of mailing at Dkt. 11, on March 26, 2010, including at the address listed on Defendant's answer. Lopano did not file opposition to the UST's motion within 14 days after service, and did not file a Statement of Genuine Issues. By operation of LBR 7056-1(a)(3), all material facts in the UST's SOUF quoted above are deemed admitted.

## DISCUSSION

### I. Summary Judgment.

Summary judgment is governed by FED. R. BANKR. P. 7056. Rule 7056, incorporating FED. R. CIV. P. 56(c), states that summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue

---

[7]The SOUF contains two paragraphs numbered "19."

as to any material fact and that the movant is entitled to judgment as a matter of law." "The proponent of a summary judgment motion bears a heavy burden to show that there are no disputed facts warranting disposition of the case on the law without trial." *Younie v. Gonya (In re Younie)*, 211 B.R. 367, 373 (9th Cir. BAP 1997) (quoting *Grzybowski v. Aquaslide "N' Dive Corp. (In re Aquaslide "N" Dive Corp.)*, 85 B.R. 545, 547 (9th Cir. BAP 1987)).

When seeking summary judgment, the moving party must initially identify those portions of the record before the Court which it believes establish an absence of material fact. *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.*, 809 F.2d 626, 630 (9th Cir. 1987). If the moving party adequately carries its burden, the party opposing summary judgment must then "set forth specific facts showing that there is a genuine issue for trial." *Kaiser Cement Corp. v. Fischback & Moore, Inc.*, 793 F.2d 1100, 1103-04 (9th Cir. 1986), *cert. denied*, 469 U.S. 949 (1986); FED. R. CIV. P. 56(e). *See also Frederick S. Wyle Prof'l. Corp. v. Texaco, Inc.*, 764 F.2d 604, 608 (9th Cir. 1985) ("the opponent must affirmatively show that a material issue of fact remains in dispute"). That is, the opponent cannot assert the "mere existence of some alleged factual dispute between the parties." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Moreover, "[a] party opposing summary judgment may not simply question the credibility of the movant to foreclose summary judgment." *Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 997 (9th Cir. 2001).

To demonstrate that a genuine factual issue exists, the objector must produce affidavits which are based on personal knowledge and the facts set forth therein must be admissible into evidence. *Aquaslide*, 85 B.R. at 547. All reasonable doubt as to the existence of genuine issues of material fact must be resolved against the moving party. *Liberty Lobby,* 477 U.S. at 247-48,

106 S.Ct. at 2509. If a rational trier of fact might resolve disputes raised during summary judgment proceedings in favor of the nonmoving party, summary judgment must be denied. *T.W. Elec. Serv.*, 809 F.2d at 630; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 202 (1986). Thus, the Court's ultimate inquiry is to determine whether the "specific facts" set forth by the nonmoving party, viewed along with the undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence. *T.W. Elec. Serv.*, 809 F.2d at 631. In the absence of any disputed material facts, the inquiry shifts to whether the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552-53.

Based upon the Defendant's failure to file a Statement of Genuine issues or any opposition to the UST's motion for summary judgment, the Court finds that the UST has satisfied its initial burden, by the attached SOUF, declaration, and exhibits, of establishing that there are no genuine issues as to any material fact. We turn to whether the UST is entitled under Rule 56 to judgment as a matter of law for violations under § 110.

**II. § 110.**

The UST's motion for summary judgment seeks fines, disgorgement of fees charged and an injunction against Lopano for violations of § 110. Section 110 of Title 11 was enacted as part of the Bankruptcy Reform Act of 1994, and provides penalties for a person other than an attorney or employee of an attorney who negligently or fraudulently prepare bankruptcy petitions. *Rankin*, 320 B.R. at 179.

Count One of the UST's complaint alleges violations of § 110(b)(1) for Defendant's failure to sign documents. Section 110(b)(1) provides in pertinent part that a BPP who prepares

a document for filing "shall sign the document and print on the document the preparer's name and address." Failure to comply with § 110(b), (c), (d), (e), (f), (g), or (h) may be fined not more than $500 for each such failure. § 110(l)(1).

The UST contends that Lopano is not a registered user of this Court's electronic case filing ("ECF") system, and his use of a "digital" signature on the Debtor's documents and the bankruptcy cases of Clark, Close, and Wiscovich, violates the provisions of § 110(b)(1) and subjects Lopano to fines of not more than $500 for each violation. Lopano's answer at paragraph 18 admits his failure to physically sign the documents, but contends that he did not understand the requirement and is willing to physically sign the documents. Defendant is too late. The Court finds that the Plaintiff is entitled to summary judgment under Count One for failure to sign documents as required under § 110(b)(1).

The facts show that in the instant Chapter 7 case, and in three other cases, Lopano failed to sign the petition, Schedules, Statement of Financial Affairs, and Form B22A Chapter 7 Statement of Current Monthly Income and Means Test Calculation. These make three documents in each case which Lopano failed to sign as required by § 110(b)(1), which subjects him to a fine of not more than $500 for each failure under § 110(l)(1), or $1,500 per case. The uncontroverted facts show that Lopano failed to sign documents in four cases, and therefore the Court awards the UST $6,000 in total fines against Lopano in the four cases under Count One for failure to sign documents.

Counts Two and Three allege violations of § 110(e)(2) by Lopano engaging in the unauthorized practice of law. The UST argues that Lopano violated § 110(e)(2) by choosing property for the Debtor to claim as exempt, by discussing exemptions on his website, by

11

selecting forms and determining where property and debts are to be scheduled. The UST references the Debtor's § 341 meeting testimony and the Clark affidavit. Lopano's answer denies engaging in the unauthorized practice of law and that he only provided a typing service. However, Lopano did not file a Statement of Genuine Issues and accompanying affidavit to refute the UST's SOUF and supporting exhibits. The Court finds that the facts numbered 8, 8, 9, 10, 11, 12, 13, 14, 15, 16, and 17 of the SOUF establish an absence of genuine issue of material fact and that the UST is entitled to judgment against Lopano under § 110(e)(2) for offering the Debtor and Clark legal advice.

Advising debtors of available exemptions, and soliciting information which is then translated into completed bankruptcy forms is the unauthorized practice of law, whether by website or otherwise. *Rankin*, 320 B.R. at 184-85; *Reynoso*, 315 B.R. at 552 (citing cases). The UST has satisfied its burden for summary judgment against Lopano under Counts Two and Three for unauthorized practice of law in violation of § 110(e)(2) by advising both the Debtor and Clark about exemptions and giving legal advice and completing forms. The Court imposes a $500 fine against Lopano under § 110(l)(1) for each violation in both cases, for a total of $2,000 in fines under Counts Two and Three.

Count Four alleges fees charged in excess of the value of services rendered. The UST seeks disgorgement of all fees received by Lopano under § 110(h)(3)(B), where the BPP fails to comply with § 110(b), (c), (d), (e), (f), (g), or (h). The SOUF includes uncontroverted facts 5 and 6, which establish that Lopano received a $195 fee in the instant Chapter 7 case and in three other bankruptcy cases in Montana, as well as offering prohibited legal advice nationwide on his website. Based on the SOUF and exhibits, and Lopano's failure to file an opposition, the Court

finds that the UST has satisfied its burden and is entitled to judgment as a matter of law under § 110(h)(3)(B) disgorging the $195 fee in all four cases, a total of $780.

Count Five alleges Defendant is engaging in fraudulent, unfair or deceptive conduct in violation of § 110(i)(1) by operating an internet website offering bankruptcy petition preparation services and containing misleading and deceptive representations, and by providing legal advice.

In *Reynoso*, the BAP held that engaging in the unauthorized practice of law "is fraudulent, unfair, and deceptive conduct. *See In re Bush*, 275 B.R. 69, 83 (Bankr. D. Idaho 2002); *United States Trustee v. Tank (In re Stacy)*, 193 B.R. 31, 37 (Bankr. D. Or. 1996)." *Reynoso*, 315 B.R. at 553; *Rankin*, 320 B.R. at 185 (quoting *Reynoso*). Based upon the uncontroverted facts discussed above under Counts Two and Three, the UST is entitled to summary judgment against Lopano under § 110(i)(1) for fraudulent, unfair and deceptive acts consisting of his unauthorized practice of law in the instant case and three other Montana bankruptcy cases[8]. Under § 110(i)(1)(B)(i), the UST is entitled to judgment against Lopano in the amount of $2,000 for all four Montana cases shown by the record, or a total award of $8,000 under Count Five.

Count Six seeks a permanent injunction against Defendant to prevent him from engaging in the foregoing conduct. The UST asks that Lopano be enjoined nationwide from using his website to engage in the unauthorized practice of law and other fraudulent, unfair and deceptive conduct. To permanently enjoining a BPP under § 110(j)(2)(B) the Court must find the BPP continually engaged in the conduct described in § 110(j)(1) and that an injunction prohibiting

---

[8] The nationwide scope of Lopano's website is likewise fraudulent, unfair and deceptive, but is impossible to quantify based on the record.

such conduct would not be sufficient to prevent such person's interference with the proper administration of Title 11. *Rankin*, 320 B.R. at 186; *Reynoso*, 315 B.R. at 553. The uncontroverted facts and exhibits in the record establish that Lopano has engaged in the unauthorized practice of law, fraudulent, unfair and deceptive acts and other violations of § 110 in the instant case and three other bankruptcy cases in this district, and further that he has been enjoined permanently enjoined from engaging in conduct in violation of § 110 and from acting as a BPP in the District of Wyoming. Ex. 11. Despite that Lopano continues to maintains his website, the contents of which the record shows violate § 110. This Court concludes that the UST has made a sufficient showing for this Court to conclude that the UST has satisfied its burden of proof under FED. R. BANKR. P. 7065 and § 110(j) to show that a permanent injunction against Lopano acting as a BPP nationwide should be issued in this Court's discretion. *Rankin*, 320 B.R. at 186; *Reynoso*, 315 B.R. at 553-54.

## CONCLUSIONS OF LAW

1. This Court has jurisdiction via 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(b)(1).

2. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(A), (E), and (O).

3. Plaintiff satisfied its burden of proof under FED. R. CIV. P. 56(c) that no genuine issue of material fact exists with respect to its contentions under Counts One, Two, Three, Four, and Five of the complaint that the Defendant violated provisions of 11 U.S.C. §§ 110(b)(1)(A), (e)(2), (h)(3)(B), (i)(1)(B)(i) and that the UST is entitled to a money judgment in the total amount of $16,000.00, and in addition that the Defendant shall be ordered to forfeit a total of $780.00 in fees charged under Court Four.

4. Plaintiff satisfied its burden of proof under Rule 56(c) that no genuine issue of

material fact exists and Plaintiff is entitled to judgment as a matter of law and an injunction under § 110(j) enjoining the Defendant Vincent Lopano, d/b/a bankruptcyseven.com, from engaging in any conduct in violation of 11 U.S.C. § 110 or from acting as a bankruptcy petition preparer in this District or any other federal judicial district in the United States.

BY THE COURT

/s/ Ralph B Kirscher
HON. RALPH B. KIRSCHER
U.S. Bankruptcy Judge
United States Bankruptcy Court
District of Montana