# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MONTANA

In re

**BRIAN VINCENT BAGLEY**,

Debtor.

Case No. **09-61439-7**

**UNITED STATES TRUSTEE**,

Plaintiff.

-vs-

**VINCENT LOPANO**,

Defendant.

Adv No. **09-00104**

## MEMORANDUM OF DECISION

At Butte in said District this 20th day of September, 2010.

In this adversary proceeding the United States Trustee ("UST") filed a motion for contempt on June 11, 2010 (Docket No. 19), and this Court ordered the Defendant Vincent Lopano ("Lopano") to appear and show cause why he should not be held in civil contempt and subject to sanctions for continuing to act as a bankruptcy petition preparer ("bpp") in violation of 11 U.S.C. § 110 and the injunction issued by this Court in the Judgment entered on April 16 2010 (Dkt. 13). The show cause hearing was continued and the UST was authorized to conduct post-judgment discovery, and the show cause hearing was held at Missoula on September 9, 2010. Lopano failed to appear at the hearing as ordered by this Court.

The UST was represented by attorney Daniel P. McKay ("McKay"), who offered Exhibits ("Ex.") 1, 2, 3, 4, 5, 6, and 7 for admission and argued that the Court should hold Lopano in

1

contempt for violation of the injunction, and for failure to respond to the UST's post-judgment discovery.  The Court admitted Ex. 1, 2, 3, 4, 5, 6, and 7 into evidence.  After review of the Exhibits and the record, including the injunction contained in Dkt. 13, the Court found that the UST had satisfied his burden of proof to show by clear and convincing evidence that Lopano is in contempt of this Court.  The Court directed the UST to file an affidavit of fees and costs, which was filed by Declaration on September 14, 2010, in which McKay itemized 7.0 hours of attorney time researching contempt issues, preparing witness lists and exhibits and discovery, and preparing for and attending the September 9, 2010, show cause hearing.  The UST requests attorney's fees in the amount of $1,190, and nothing for costs.  The Court finds that the amount of attorney's fees requested is reasonable, and appropriate.

The Judgment entered by this Court (Dkt. 13) includes an injunction which provides "that Defendant Vincent Lopano, d/b/a bankruptcyseven.com, is permanently enjoined from engaging in any conduct in violation of 11 U.S.C. § 110, and is permanently enjoined from acting as a bankruptcy petition preparer in this District or in any other federal judicial district in the United States."  McKay stated at the hearing that Lopano failed to respond to the UST's post-judgment discovery requests, and that he attempted a subterfuge to get around the injunction by changing the name of his internet website while continuing to act as a bankruptcy petition preparer.  The UST's evidence is uncontroverted.

## DISCUSSION

Contempt proceedings are governed by F.R.B.P. 9020.  Prior to Congress reform of F.R.B.P. Rule 9020 in 1987, bankruptcy courts did not have the inherent power of contempt in the Ninth Circuit.  *In re Sequoia Auto Brokers, Ltd. (Plastiras v. Idell)*, 827 F.2d 1281, 1284 (9th

Cir. 1987).  Subsequent to *Sequoia*, the United States Supreme Court held that courts created by Congress have inherent powers, unless Congress intentionally restricts those powers.  *Chambers v. NASCO, Inc.*, 501 U.S. 32, 47, 111 S.Ct. 2123, 2134, 115 L.Ed.2d 27 (1991).  The Ninth Circuit later held that with Congress enacting Rule 9020 and § 105(a), *Chambers* supersedes *Sequoia* and bankruptcy courts have the inherent power to sanction for contempt.  *In re Rainbow Magazine, Inc.*, 77 F.3d 278, 284-5 (9th Cir. 1996).

To find a party in civil contempt the court must find that the offending party knowingly violated a definite and specific court order.  *In re Gomez*, 17 Mont. B.R. 166, 171-72 (Bankr. D. Mont. 1998) (quoting *In re Killorn*, 16 Mont. B.R. 364, 366-68 (Bankr. D. Mont. 1998)); *In re Johnson*, 148 B.R. 532, 538 (N.D. Ill. 1992).  In this adversary proceeding the record shows by clear and convincing evidence that Lopano knowingly violated a definite and specific injunction against acting as a bankruptcy petition preparer.  In addition this Court's Order (Dkt. 20) stated in bold all capital letters that Defendant Vincent Lopano "**SHALL APPEAR**" at the contempt hearing.  Lopano ignored this Court's Order and injunction, and ignored the UST's post-judgment discovery requests which by itself is grounds for contempt under Fed. R. Civ. P. 37(b)(2)(A)(vii) (applicable in adversary proceedings under F.R.B.P. 7037 and 7069 (applying Fed. R. Civ. P. 69(a)(2))).

With respect to the reasonableness of the $1,190 request for attorney fees, the Court first notes that it includes nothing for costs, and finds that it is reasonable and an appropriate sanction.  The Court has considered whether lesser sanctions could accomplish Lopano's compliance, but finds that they would not since he is ignoring prior orders and an injunction.  The UST is awarded attorney fees in the amount of $1,190 as a sanction for civil contempt and to coerce

Lopano to comply with the Court's orders and injunction, and purge the contempt, or expect increasingly severe sanctions.

**IT IS ORDERED** a separate Order will be entered in conformity with the above granting the UST's motion for contempt (Dkt. 19), holding Defendant Vincent Lopano in contempt of court and awarding the UST $1,190 in attorney fees as a sanction for civil contempt for Lopano's violation of this Court's injunction (Dkt. 13), his failure to respond to the UST's post-judgment discovery, and failure to comply with this Court's Order to appear; and ordering Lopano to shut down and remove his bankruptcy petition preparer website. The Court will enter a Judgment against Lopano in the amount of $1,190.

                BY THE COURT

                */s/ Ralph B. Kirscher*
                HON. RALPH B. KIRSCHER
                U.S. Bankruptcy Judge
                United States Bankruptcy Court
                District of Montana